**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-167 |
| | ) | |
| MICHAEL MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION**

I.      Introduction

Pending before the court is a pro se motion for compassionate release (ECF No. 231) filed by Michael Mendoza ("Mendoza").  The government filed a response in opposition to Mendoza's motion on both procedural and substantive grounds (ECF No. 170).  The motion is ripe for disposition.

II.      Procedural Background with respect to exhaustion

Because Mendoza failed to meet his burden to establish that he exhausted his administrative remedies, the court will not discuss the underlying facts regarding his criminal history and personal characteristics and the pending motion will be denied without prejudice.

There is no evidence in the current record before the court that Mendoza sent a letter to the warden at FMC Fort Worth or otherwise sought compassionate release from the BOP based on COVID-19.[1]  Mendoza's attorney states in the motion (ECF No. 164) that Mendoza made requests to the warden on June 3, July 28, and August 5, 2020.  Those requests, however, are not part of the record.  The government represents in its response that the BOP has no record of receiving those requests (ECF No. 170 at 13).   The only evidence in the record about

_____

[1] The court is aware that Mendoza contracted Covid-19 in May 2020.

1

administrative exhaustion is a letter sent by defense counsel to the warden on November 12, 2020 (ECF No. 164-1).[2]  Mendoza sought compassionate release from this court less than 30 days later, on December 1, 2020.

III.     Discussion

The court will not address Mendoza's substantive arguments at this time, because his compassionate release motion must be denied for failure to exhaust his administrative remedies pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i).   Proper exhaustion of administrative remedies is a threshold issue.  *See United States v. Gadsden*, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) (district courts cannot consider requests for compassionate release until a prisoner has exhausted his administrative remedies).  The exhaustion requirement is mandated by statute and cannot be waived by the court.  *United States v. Valentine*, No. 3:16-CR-206, 2020 WL 6381456, at *4 (M.D. Pa. Oct. 30, 2020).

In *United States v. Raia,* 954 F.3d 594 (3d Cir. 2020), the inmate filed a compassionate release motion with the court before the BOP responded to his initial request to the warden, and before 30 days passed.  The court of appeals found that the inmate did not exhaust his administrative remedies.  The court explained that the BOP had not been given 30 days to consider the inmate's request and there was no adverse decision by the BOP for the inmate to administratively exhaust.  *Id*. at 597. The court noted the BOP's statutory role and its extensive and professional efforts to curtail the COVID-19 pandemic. The court emphasized the importance of complying with the BOP's administrative procedures:  "Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.*

---

[2] The record does not reflect the warden's response to this request.

The decision of the United States Court of Appeals for the Third Circuit in *United States v. Harris*, No. 20-1723, 973 F.3d 170 (3d Cir. 2020), is not to the contrary.  In *Harris*, there had been lengthy administrative consideration of the inmate's requests for release based on his medical condition and the issue was interpretation of the "30-day lapse" provision.  The court concluded, without extensive analysis, that "the statute states that the defendant may file the [compassionate release] motion [in court] thirty days after the warden receives his request."  *Id.* at 171. *Harris* cited *Raia* for the proposition that before filing a compassionate release motion with the court, a defendant must "at least" ask the BOP to file a compassionate release motion on his behalf and give the BOP 30 days to respond.  *Id.* (citing *Raia*, 954 F.3d at 595).

Based on the record before the court in this case, Mendoza did not fully exhaust his administrative remedies and he did not wait 30 days before seeking relief from the court.  The court is aware that more than 30 days have now passed since counsel's letter to the warden on November 12, 2020, on behalf of Mendoza.  The mere passage of time since Mendoza filed his motion on December 1, 2020, does not make it ripe.  An inmate "cannot complete the exhaustion of his administrative remedies while his present motion is pending with the court." *United States v. Rawls*, No. 1:12-CR-194, 2020 WL 6747344, at *3 (M.D. Pa. Nov. 17, 2020).  The court of appeals' decision in *Raia* was issued approximately 30 days after the defendant's initial request to the warden. 954 F.3d at 596.  The court of appeals, nevertheless, rejected the defendant's request to remand his compassionate release motion to the district court and described the defendant's failure to exhaust administrative remedies as a "glaring roadblock" making remand to the district court futile.  *Id.* at 597.

It is the defendant's burden to demonstrate that he exhausted his administrative remedies. Based on the record before the court, there is no evidence that Mendoza made any efforts to

obtain compassionate release from the BOP until his counsel's letter on November 12, 2020.  In other words, there is no evidence that he initiated the BOP's process by "at least" asking the warden to grant compassionate release.  The BOP was not given an opportunity to consider Mendoza's circumstances or to render a decision that Mendoza could appeal to this court after 30 days.  In sum, on this record, he did not "strictly comply" with his BOP administrative remedies. *Accord Rawls*, 2020 WL 6747344 at *1 (dismissing without prejudice where defendant filed his motion in court before he allowed the warden 30 days to respond to his request); *United States v. Rodriguez*, No. 3:19-CR-298, 2020 WL 6047564, at *4 (M.D. Pa. Oct. 13, 2020) ("a defendant must wait 30 days after he submits his request to the Warden before he files his motion for compassionate release with the court.").

IV.     Conclusion

In accordance with the foregoing discussion, Mendoza's motion for compassionate release (ECF No. 164) will be DENIED.  The denial is without prejudice to Mendoza's ability to file a new motion after he properly exhausts his BOP administrative remedies.

An appropriate order will be entered.

Dated:       January 27, 2021.

BY THE COURT:

s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

4